**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DREW NOMELLINI,<br><br>_____<br><br>DREW NOMELLINI,<br><br>        Appellant,<br><br>v.<br><br>UNITED STATES INTERNAL<br>REVENUE SERVICE,<br><br>        Appellee. | No.   17-17212<br><br>D.C. No. 5:15-cv-04122-EJD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 18, 2018[**]
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Drew Nomellini appeals the district court's order, affirming the bankruptcy court's grant of the IRS's motion to dismiss and denial of Nomellini's motion for summary judgment. We affirm.

Confirmation of a Chapter 13 bankruptcy plan vests the property of the estate in the debtor "free and clear of any claim or interest," unless otherwise provided for in the plan. 11 U.S.C. § 1327(c). "Claim" refers to debts that would be discharged under § 1328, while "interest" refers to any liens or interests that would be unaffected by a discharge. *Brawders v. Cty. of Ventura (In re Brawders)*, 503 F.3d 856, 872 (9th Cir. 2007). Generally, a secured creditor's lien will "pass through bankruptcy unaffected, regardless whether the creditor holding that lien ignores the bankruptcy case, or files an unsecured claim when it meant to file a secured claim, or files an untimely claim after the bar date has passed." *Id.* at 867-68. For a debtor to avoid a creditor's lien or otherwise modify the creditor's in rem rights, the debtor's confirmed plan must do so explicitly and provide the creditor with adequate notice that its interests may be impacted. *Id.* at 873. Any ambiguity in the plan will be interpreted against the debtor. *Id.* at 867.

Here, the IRS debt was secured by a perfected pre-petition lien attached to Nomellini's real property. Nomellini's confirmed Chapter 13 bankruptcy plan recognized the IRS's secured claim. The plan did not avoid the tax lien. In fact, it

2

made no reference to the IRS's tax lien nor did it make any indication of Nomellini's intent to avoid that lien.[1] Because the plan did not explicitly avoid the IRS's tax lien nor otherwise attempt to modify the IRS's in rem rights, that lien passed through bankruptcy unaffected and remained in full force and effect at the time Nomellini sought to sell his home. Per the stipulated agreement between Nomellini and the IRS, the home was sold free and clear, and the tax lien attached to the proceeds of the sale. The district court did not err in affirming the bankruptcy court's decision that the IRS was entitled to have the remaining debt fully paid from the sale proceeds.

Additionally, the bankruptcy court did not err in allowing the IRS to facilitate the collection of its lien by filing an amended claim. Nomellini entered into a stipulated agreement with the IRS that the sale proceeds would be held in escrow pending the court's determination of the continued validity and extent of the tax lien. When the bankruptcy court determined that the IRS's tax lien had passed through bankruptcy unaffected, the court allowed the IRS to amend its claim to the full remaining unpaid debt. Allowance of the amended claim was not reviewed separately, but rather treated as a ministerial matter to allow the

---

[1]Significantly, the confirmed plan explicitly stated Nomellini's intent to value and avoid the liens of two other creditors. However, the IRS tax lien was not mentioned.

bankruptcy trustee to disperse funds in accordance with the bankruptcy court's order. Nomellini does not argue that allowance of the amended claim was an improper procedural vehicle; instead, Nomellini again argues that the IRS is not entitled to payment beyond what it was provided in the confirmed plan. However, because we have already determined that the IRS is entitled to the full value of the lien, this argument is unavailing.

**AFFIRMED.**